IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAWRENCE MILHIME, #B25329, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 25-cv-01376-SMY |
| | ) |
| JEREMIAH BROWN, SUSAN COLE, | ) |
| CARISSA LUKING, and | ) |
| LORI CUNNINGHAM, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Lawrence Milhime, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Lawrence Correctional Center, filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. He claims Defendants have delayed and denied treatment for his serious thyroid condition. He seeks monetary damages and injunctive relief. (Doc. 1). Also pending is Plaintiff's motion seeking a temporary restraining order ("TRO") and preliminary injunction (Doc. 15).

This case is now before the Court for preliminary review of the Complaint under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous, malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1): Plaintiff was transferred to Lawrence on February 13, 2025 and informed nurses at intake that he had a thyroid

1

condition causing him severe pain and swelling (Doc. 1, p. 4). About a month later, Plaintiff was examined by Defendant Dr. Susan Cole, who observed two lumps around his thyroid, ordered blood tests, and ordered him to be sent out on a writ for an injection to slow the growth of the swollen areas. However, Plaintiff was never sent out for that treatment (Doc. 1, p. 5). The thyroid-area swelling increased in size, causing him pain, problems with eating and drinking, and balance issues.

Plaintiff tried to contact Cole without success. He wrote several times to Defendants Carissa Luking (Nurse Practitioner) and Lori Cunningham (Health Care Unit Administrator) seeking immediate treatment but got no response. Plaintiff contacted Warden Jeremiah Brown seeking treatment and got no response until he wrote the governor.

An April 3, 2025 response to Plaintiff's grievance stated that according to Cunningham, Plaintiff was seen by a doctor on March 13, 2025 "for follow-up on multinodular goiter" and a "referral was written to ENT for follow-up." (Doc. 1, p. 13). However, Plaintiff still has not been sent to a specialist as Cole ordered. Plaintiff's condition has worsened over the months he has waited for treatment. His glands are "growing steadily," he is in severe pain, and he has trouble eating, drinking, sleeping, and performing daily activities (Doc. 1, p. 6).

Based on the allegations in the Complaint, the Court designates the following claim in this *pro se* action:

> Count 1: Eighth Amendment deliberate indifference to serious medical needs claim against Brown, Cole, Luking, and Cunningham for failing to provide Plaintiff with treatment or a referral for diagnosis/treatment of his painful thyroid condition since February 13, 2025.

Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a

claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face.").

## Discussion

### Count 1

Prison officials and medical staff violate the Eighth Amendment's prohibition against cruel and unusual punishment when they act with deliberate indifference to a prisoner's serious medical needs. *Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). To state such a claim, a prisoner must plead facts suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted with deliberate indifference to his medical needs. *Id.* An objectively serious condition includes a condition that significantly affects an individual's daily activities or which involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). "[D]eliberate indifference may be found where an official knows about unconstitutional conduct and facilitates, approves, condones, or turns a blind eye to it." *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015).

The allegations in the Complaint are sufficient to state a colorable deliberate indifference claim against medical providers Cole, Luking, and Cunningham. Warden Brown is not a medical provider, but was allegedly made aware of Plaintiff's condition and inability to get treatment from the medical defendants, and yet failed to act. Thus Count 1 may also proceed against Brown.

### Injunctive Relief

Because the Complaint includes a request for injunctive relief, Lawrence Warden Jeremiah Brown will also remain as a defendant in his official capacity regarding this request. *See Gonzales v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (holding warden is proper defendant for injunctive relief claim as he would be responsible for ensuring that any injunctive relief would be carried

out).

Plaintiff requests a TRO and Preliminary Injunction, ordering defendants to arrange for an examination and plan of treatment by a qualified specialist for his serious untreated thyroid disorder, and requiring them to carry out that plan of treatment (Doc. 15). A TRO is an order issued without notice to the party to be enjoined that may last no more than 14 days. FED. R. CIV. P. 65(b)(2). A TRO may issue without notice *only* if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. FED. R. CIV. P. 65(b)(1). Because Plaintiff has not demonstrated the likelihood of immediate and irreparable harm before Defendants can be heard, his request for a TRO is **DENIED**.

A preliminary injunction may issue only after the adverse party is given notice and an opportunity to respond. *See* FED. R. CIV. P. 65(a)(1). "A plaintiff seeking a preliminary injunction must establish that he has some likelihood of succeeding on the merits, that no adequate remedy at law exists, and that he will suffer irreparable harm if injunctive relief is not granted. *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (citing *Speech First, Inc. v. Killeen*, 968 F.3d 628, 637 (7th Cir. 2020)). If these elements are established, the Court must then balance the potential harm to the movant if the preliminary injunction were denied against the potential harm to the non-movant if the injunction were granted, and must consider whether granting the preliminary injunction is in the public interest. *Mays*, 974 F.3d at 810; *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

Defendants must be given an opportunity to file a response before the Court can resolve Plaintiff's motion. Accordingly, Warden Brown, in his official capacity, may respond to the

motion for injunctive relief (Doc. 15) **within 14 days** of returning an executed waiver of service of process. The Court will then review the response and determine whether a hearing on the motion is necessary.

### Disposition

The Complaint states colorable claims in Count 1 against Brown, Cole, Luking, and Cunningham.

The Clerk shall prepare for Jeremiah Brown (in his individual capacity and in his official capacity as Warden of Lawrence Correctional Center, Susan Cole, Carissa Luking, and Lori Cunningham: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, this Memorandum and Order, and a copy of Plaintiff's motion for injunctive relief (Doc. 15) to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk and shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to**

**Administrative Order No. 244 and Local Rule 8.2, Defendants need only respond to the issues stated in this Merit Review Order**.

Plaintiff is **ADVISED** that if judgment is rendered against him and the judgment includes the payment of costs under 28 U.S.C. §1915, he will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is further **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, based on the allegations in the Complaint, the Clerk of Court is **DIRECTED** to **ENTER** the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**IT IS SO ORDERED.**

**DATED:  August 21, 2025**

> *s/ Staci M. Yandle*
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the Defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, Defendants will enter an appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the Defendants' Answer, but it is entirely possible that it will take **90 days** or more. When Defendants have filed their Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to

wait until counsel has appeared for Defendants before filing any motions, to give the Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.